UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andre' Johnson, Jr.,                                             Case No. 3:20-cv-2793

                Plaintiff,

v.                                                            MEMORANDUM OPINION
                                                                        AND ORDER

Chipotle Mexican Grill, Inc.,

               Defendant.

## I. INTRODUCTION

Defendant Chipotle Mexican Grill, Inc., seeks to dismiss the claims asserted by *pro se* Plaintiff Andre' Johnson, Jr., pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. No. 6). Johnson has not responded to Defendant's motion and the deadline for him to do so has passed. For the reasons stated below, I grant Defendant's motion.

## II. BACKGROUND

In June 2020, Johnson worked five shifts at a Chipotle restaurant in Toledo, Ohio, at the request of Robin Crosby, the location's general manager. (Doc. No. 1 at 1-2). Johnson indicates he previously worked at this location, though he does not indicate when or for how long. According to Johnson, Crosby asked him to return to work without first getting approval from higher-level Chipotle management. (*Id.* at 2). When Johnson attempted to clock in for his first shift, he learned he was not able to do so because he had not been entered into the company's computer system as an active employee. (*Id.*). At Crosby's instruction, Johnson recorded his hours on a piece of paper

and left the paper in the manager's office. This pattern repeated for four more shifts, before Crosby told Johnson he could not get approval to re-hire Johnson. (*Id.* at 2). Over the next few months, Johnson unsuccessfully attempted to get paid for the five shifts, before eventually initiating this litigation. (*Id.*).

Johnson asserts three claims for relief: (1) failure to pay earned wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to keep accurate records; and (3) breach of contract. (*Id.* at 3-4). Johnson seeks compensatory damages in the amount of $350 for his unpaid wages; an equal amount in liquidated damages; a civil penalty in the amount of $2,050; emotional distress damages in the amount of $250,000; and $10,000,000 in punitive damages. (*Id.* at 4).

Shortly after Johnson filed suit, though before being served with a copy of the complaint and summons, (*see* Doc. No. 4), Defendant sent Johnson two checks. One check was issued on January 7, 2021, for $550. (Doc. No. 9 at 1). Johnson cashed the check on January 18, 2021. (*Id.* at 2, 4). The second check, also issued on January 7, 2021, was for $225.22. (Doc. No. 10 at 1-2). This amount of this check equaled the balance Johnson was due after Defendant applied relevant withholdings required by law from $350 in W-2 wages. (*Id.* at 2). Johnson cashed this check on January 27, 2021. (*Id.* at 2, 4).

### III. DISCUSSION

#### A. RULE 12(B)(6)

Defendant argues Claim II, as well as Johnson's claims for civil penalties, emotional distress damages, and punitive damages, should be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 6-1 at 4-8). Johnson was waived opposition to Defendant's arguments because he failed to respond to Defendant's motion despite having been served with a copy of the motion in a manner consistent with the Federal Rules of Civil Procedure. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States*

*Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, *2 (6th Cir. 1989) (unpublished table decision).

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant first argues Claim II should be dismissed because the FLSA does not provide a private right of action to enforce the statutory record-keeping provisions. Section 211(c) of the FLSA requires an employer to "make, keep, and preserve" records of their employees' "wages, hours, and other conditions and practices of employment . . . ." 29 U.S.C. § 211(c). The Sixth Circuit has held § 216(b) "does not authorize employee suits for violations of the FLSA's record-keeping requirements. Authority to enforce the Act's record-keeping requirements is vested exclusively in the Secretary of Labor." *Elwell v. Univ. Hosps. Home Care Serv.*, 276 F.3d 832, 843 (6th Cir. 2002). This includes § 211(c)'s requirements. *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 867 (N.D. Ohio 2009). Therefore, I conclude Johnson fails to state a claim for violation of § 211(c) and dismiss Claim II.

Defendant next argues I should dismiss Johnson's claims to the extent he seeks a civil penalty, emotional distress damages, and punitive damages. (Doc. No. 6-1 at 5-8). I agree.

As Defendant notes, the FLSA does not include civil penalties among the damages which a private plaintiff may collect for an employer's violation of the FLSA's minimum wage provisions.

3

29 U.S.C. § 216(b). If assessed, civil penalties are "due and payable to the U.S. Department of Labor." 29 C.F.R. § 580.18. Nor does the FLSA authorize punitive damages or damages for emotional distress. 29 U.S.C. § 216(b).

Nor can Johnson recover emotional distress damages or punitive damages in connection with his state-law breach of contract claims. *See Kishmarton v. William Bailey Constr., Inc.*, 754 N.E.2d 785, 788 (Ohio 2001) (recognizing the general rule that a plaintiff cannot obtain damages for emotional distress for breach of contract "unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result"); *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 467 (Ohio 2018) ("Ohio common law provides that punitive damages may not be awarded for breach of contract, no matter how willful the breach."). Johnson has not alleged Defendant caused bodily harm or engaged in conduct "constituting a breach of contract [which] can also constitute a tort," *id.*, and therefore he cannot recover emotional distress damages or punitive damages.

Thus, I conclude Johnson fails to state a claim for relief for Defendant's purported record-keeping violations or for civil penalties, emotional distress damages, or punitive damages.

**B.     RULE 12(B)(1)**

Defendant argues Johnson's remaining claims should be dismissed for lack of subject matter jurisdiction. (Doc. No. 6-1 at 8-10).

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

4

Defendant argues Johnson's remaining claims (for unpaid wages in the amount of $250 and liquidated damages in an equal amount) are moot because Defendant tendered, and Johnson accepted, two checks in satisfaction of Johnson's claims.[1] (Doc. No. 6-1 at 9-10). Defendants have satisfied all remaining forms of relief Johnson seeks in his complaint and, therefore, Johnson's FLSA claims are moot. *See, e.g., Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013) (Mootness occurs when a plaintiff accepts a defendant's offer to satisfy the plaintiff's demands.). Accordingly, I grant Defendant's motion to dismiss Johnson's remaining claims as moot.

### IV. CONCLUSION

For the reasons stated above, I grant Defendant's motion to dismiss Claim II, as well as Johnson's claims for civil penalties, emotional distress damages, and punitive damages, for failure to state a claim upon which relief may be granted, and its motion to dismiss the remainder of Claims I and III as moot. (Doc. No. 6).

So Ordered.

                                          s/ Jeffrey J. Helmick
                                          United States District Judge

---

[1] It is unclear why Defendant tendered Johnson $550 in satisfaction of his liquidated damages claim, rather than $350. (*Cf.* Doc. No. 9 at 4 (negotiated check in the amount of $550)) *with* (Doc. No. 1 at 4 (asserting a claim for $250 in unpaid wages and "an amount equal to the unpaid wages in liquidated damages")). This difference ultimately has no impact on the outcome of Defendant's motion.